**STEISAPIR, Plaintiff-Appellant, v. SEARS ROEBUCK & CO., Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22195. Decided October 8, 1951.

Lawrence M. Rich, Cleveland, for plaintiff-appellant.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, Edward F. McDermott, Asst. Law Director, Cleveland, for defendants-appellees.

(DOYLE, J, of the 9th District sitting by designation in place of HURD, J.)

## OPINION

By SKEEL, PJ:

This appeal comes to this court on questions of law from a judgment entered for the defendant by the Common Pleas Court of Cuyahoga County. The plaintiff, by his petition styled "petition for injunction and equitable relief" prayed for an injunction prohibiting the defendant from using premises consisting of three lots, owned or under the control of the defendant, located on the east side of East 83rd Street immediately south of premises owned by the plaintiff, as a parking lot, and for egress into East 83rd Street from its parking lot now maintained east of and contiguous to the above mentioned lots.

The defendant is a New York corporation owning and operating retail department stores, one of which is located on Carnegie Avenue, the store being just east of East 83rd Street and extending to the northeast corner of East 86 and Carnegie Avenue. The defendant owns all of the frontage on the north side of Carnegie Avenue from East 83rd to East 86 Street for a depth of about two hundred feet. The defendant also owns a strip of land about three hundred feet wide running directly north from its Carnegie Avenue property which land runs through to Euclid Avenue a distance of about 575 feet. The frontage on East 83rd Street and East 86th Street north of defendant's property, except for the three lots here in question, is owned by others including the plaintiff.

All of the property of the defendant, fronting on Euclid and Carnegie Avenues, is zoned for retail business. The balance is zoned for commercial use. The plaintiff's property and the lots in question in this action are zoned for multi-family or apartment house dwellings.

The zoning ordinance of the City of Cleveland was amended Jan. 29, 1950. Section 981-16(c) of the amended ordinance provides as follows:

"Parking Lots: When in its opinion the best interests of the community will be served thereby, the Board of Zoning Appeals may permit temporarily or permanently the use of land in a Residence District other than a Limited One-Family District for a parking lot where the land abuts or is across the street from a District other than a residence District, provided that:

"1. The lot is to be used only for the parking of passenger automobiles of employees, customers, or guests of the person or firm controlling 'and operating the lot, who shall be responsible for its maintenance.

"2. No charge is to be made for parking on the lot.

"3. The lot is not to be used for sales, repair work or servicing of any kind.

"4. Entrance to and exit from the lot are to be located so as to do the least harm to the Residence District.

"5. No advertising sign or material is to be located on the lot.

"6. All parking is to be kept back of the setback building line by barrier, unless specifically authorized otherwise by the Board of Zoning Appeals.

"7. The parking lot, and that portion of the driveway back of the building line, is to be adequately screened from the street and from adjoining property in a Residence District by a hedge or slight fence or wall not less than 4 feet 6 inches high and not more than 5 feet high located back of the setback building line; and all lighting is to be arranged so that there will be no glare therefrom annoying to the occupants of adjoining property in a Residence District, and the surface of the parking lot is to be smoothly graded, hard surfaced and adequately drained.

"8. Such other and further conditions are imposed as the Board of Zoning Appeals may deem necessary in any specific case to reduce the adverse effect of the proximity of a parking lot upon the character, development, and maintenance of the Residence District in which the said parking lot is to be located."

The defendant filed an application with the Building Commissioner seeking the right to demolish the three single resi-

dence buildings on the three lots in question and establish thereon a parking lot with exits into East 83rd Street for cars parked thereon and as an exit from their parking lot contiguous thereto. The Building Commissioner refused the application and an appeal was taken to the Zoning Board of Appeals. A full and complete hearing was held after proper notice and upon due consideration the application was granted. The defendant then proceeded to demolish the buildings and to construct the parking lot and exits. While the work was in progress the plaintiff brought this action to enjoin the use of the property as a free parking lot for customers and employees and exit into East 83 Street by customers of the defendant.

Upon the trial of the case the following stipulations were entered into:

"Mr. Grossman: Your Honor, please, so that the record may be clear on the subject, I take it it can be stipulated, Mr. Rich, that the zoning ordinance here involved which went into effect January 29, 1950, was lawfully passed by the City Council and is a valid ordinance?

"Mr. Rich: It may be so stipulated.

"Mr. Grossman: Second, that the Zoning Board of Appeals. in hearing and passing upon the matter here involved, had jurisdiction to consider the same and that all necessary notices were given to the proceeding?

"Mr. Rich: Yes, I stipulate that."

The appellant's assignments of error are:

1. The trial court erred in the interpretation placed on the words "best interests of the community" as used in Sec. 981-16(c) of the zoning ordinance above quoted.

2. In holding that the word "owner" as used in the zoning law could apply to the defendant whose only right to title to the three lots was that of an option.

3. That the reasons assigned by the Zoning Board of Appeals for granting the defendant's application for an exception as provided by Sec. 981-16(c) did not justify the granting of such application.

4. That no hardship will result to defendant if the application were refused, while the granting of such application will be detrimental to the plaintiff's property.

5. That the Zoning Board of Appeals is without power to grant exceptions to the provisions of the zoning ordinance.

6. That the proceedings before the Board were void because of improper notice to the plaintiff.

7. The holding is against the weight of the evidence and contrary to law.

In giving consideration to these claims, it must be remembered that the action in the trial court was an action seeking an injunction to prevent the defendant from making a parking lot out of the property in question, although the defendant's application, seeking an exception under Sec. 981-16(c) had been granted by the Zoning Board of Appeals. The Zoning Board of Appeals is invested with the power, by the provisions of the ordinance, within the limits and upon the conditions therein prescribed, to grant the exceptions.

The authority of the Zoning Board of Appeals to act upon the defendant's application is not questioned by the appeal. Nor is any question presented as to the procedure followed. The stipulation above quoted was to the effect that the ordinance had been legally passed, was a valid ordinance and that all necessary procedural steps had been taken. We are concerned therefore with just two questions:

1. Does the order of the Zoning Board of Appeals come within the scope of the authority conferred upon them by Sec. 981-16(c) and,

2. If so, in the exercising of such power in making the order permitting the use of the property here under consideration, for parking of automobiles, was the Board guilty of an abuse of discretion?

Section 981-16(c) supra, in part, provides:

"When, in its opinion, the best interests of the community will be served thereby" * * *

the Board may permit permanent use of land, in a residence district other than where the use is limited to one-family residences, for use of employee or customer parking of passenger automobiles, where such property abuts or is across the street from a district other than a residence district.

All of the circumstances of the defendant's property come within the requirements of the ordinance. The trial court, as did the Zoning Board of Appeals, interpreted the word "community" used in the ordinance, as meaning the community at large, as distinguished from the contention of the plaintiff that the term must be interpreted as meaning the immediate neighborhood. We conclude that the term as used in the ordinance was correctly interpreted by the Board and by the trial court.

The burdens, as well as the advantages, which affect the economic value of property, because of concentration of traffic in great metropolitan centers, are included in the incidents of ownership of property. Such problems go beyond the immediate neighborhood and affect the whole community.

Whether the plaintiff's property is adversely affected is not the question. The interest of the community is the principal consideration. The conclusion of the trial court that the Zoning Board of Appeals was under all circumstances, justified in granting the exception to the use of the three lots as requested by the defendant, is well supported by the record. The Zoning Board of Appeals, in granting defendant's application, was not guilty of an abuse of its discretion.

We find that the claims of error of the plaintiff are not well taken and are therefore dismissed.

The judgment of the trial court is affirmed. Exc. Order see journal.

DOYLE, J; THOMPSON, J, concur.